■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WINSTON ALLEN SINGLETON, Appellant.— Judgment of the County Court, Nassau County, rendered April 11, 1967, affirmed. No opinion. Beldock, P. J., Christ, Brennan and Rabin, JJ., concur; Martuscello, J., concurs in affirmance as to the conviction for possession of a loaded firearm, but dissents and votes to reverse the judgment insofar as it convicted defendant of assault in the second degree and to order a new trial on that charge, with the following memorandum: Defendant was indicted for assault in the first degree and for criminal possession of a loaded firearm as a felony. He was accused of having assaulted one James Finley by aiming and discharging a loaded pistol at him, with intent to kill. At the close of the case, defense counsel requested the trial court to charge the jury with respect to assault in the second and third degrees, in addition to assault in the first degree. The court denied the request insofar as it was to charge assault in the third degree. The jury found defendant guilty of the gun charge and of assault in the *second* degree. I am of the opinion that, under the circumstances of this case, the trial court committed reversible error in refusing defendant's request to charge assault in the third degree. The evidence tends to establish that defendant and the victim of

the assault, together with several other companions, had been drinking in a bar for several hours prior to the assault. When the bar closed for the night, the group proceeded across the street and commenced "horsing around". The victim testified that he was "pretty high" at the time. The antics engaged in were variously described as "kidding around", "carrying on", "wrestling and grabbing each other", and "rolling on the ground". There came a time when defendant allegedly drew a pistol and fired it, wounding the victim. The record is barren of evidence which would tend to establish a motive or provocation for the assault. The testimony of the victim, his brother and several other companions is to the effect that defendant drew a pistol, aimed it at the victim and fired. The description of the assault by one of the companions, Burke, differs materially from that of the others. Burke described the incident as follows: "Well, we were over there singing, cracking jokes, and Jackie [defendant] came up * * * and said a few words and the gun went off * * *. [T]he gun went off coming out of Jackie's pocket * * *. I just seen the fire. I didn't see the gun." There can be no conviction for assault in the second degree absent proof of the requisite intent (see, e.g., *People* v. *Katz*, 290 N. Y. 361; *People* v. *Wood*, 10 A D 2d 231). Although the testimony of the victim and the others, excluding Burke, is sufficient to support a conviction for assault in the second degree, Burke's testimony tends to establish that the gun went off accidentally as defendant withdrew it from his pocket. Burke's testimony, coupled with the evidence that the group was intoxicated and the absence of evidence showing provocation or motive for the assault, would tend to negate the presence of the required intent. Under the circumstances, the trial court should have charged the jury with respect to assault in the third degree, which requires no specific intent (*People* v. *Kent*, 10 A D 2d 662; *People* v. *Hunter*, 282 App. Div. 722). "It has been repeatedly written that if, upon any view of the facts, a defendant could properly be found guilty of a lesser degree or an included crime, the trial judge must submit such lower offense. * * * [citing cases]. And it does not matter how strongly the evidence points to guilt of the crime charged in the indictment, or how unreasonable it would be, as a court may appraise the weight of the evidence, to acquit of that crime and convict of the less serious. * * * [citing cases]" (*People* v. *Mussenden*, 308 N. Y. 558, 561–562).